NIMA GHARAVI
dmca@midwestwrestle.com
4610 North Clark St. #1098
Chicago, IL 60640
+1 (773) 899-4688

Plaintiff *Pro Se*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE DIGITAL MILLENNIUM COPYRIGHT ACT SECTION 512(h) SUBPOENA TO TIKTOK INC., TIKTOK LTD., TIKTOK PTE. LTD., AND TIKTOK U.S. DATA SECURITY INC. | Case No.: 2:25−mc−00002 HDV (PDx)<br><br>**DISCOVERY MATTER**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY JURISDICTIONAL ASSIGNMENT**<br><br>**Date:** Thursday, May 22, 2025<br>**Time:** 10:00 a.m.<br>**Courtroom:** 5B, 5th Floor<br>**Judge:** Hon. Hernán D. Vera<br>**Location:** First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012 |

1

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY JURISDICTIONAL ASSIGNMENT
CASE NO.: 2:25−mc−00002 HDV (PDx)

## INTRODUCTION

Plaintiff Nima Gharavi, appearing *pro se*, respectfully moves this Court for an order clarifying that TikTok Inc.'s ("TTI") Motion for Protective Order and Plaintiff's opposition requesting an order compelling compliance with the DMCA subpoena should be heard by District Judge Vera rather than Magistrate Judge Donahue. This motion is based on the fact that these matters are dispositive of the entire miscellaneous proceeding and therefore require Article III review absent consent of all parties, including the "unknown account owners" whose identities are at issue.

## BACKGROUND

On January 13, 2025, Plaintiff obtained a DMCA subpoena from this Court directed to TTI to identify alleged copyright infringers. TTI has now filed a Motion for Protective Order that effectively delays compliance with the subpoena by imposing procedural complications without demonstrating good cause. This appears to be an attempt to obtain an advisory opinion shielding TTI from potential liability rather than a genuine effort to protect third-party interests. This case was recently assigned to District Judge Hernan D. Vera and Magistrate Judge Patricia Donahue after previously being "Unassigned."

2

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY JURISDICTIONAL ASSIGNMENT
CASE NO.: 2:25−mc−00002 HDV (PDx)

## LEGAL ARGUMENT

1. **The Motion for Protective Order Is Dispositive of This Entire Miscellaneous Proceeding**

In *In re DMCA Subpoena to Reddit, Inc.*, 441 F. Supp. 3d 875, 880 (N.D. Cal. 2020), the court held that a motion to quash a DMCA subpoena is dispositive because it resolves the sole issue in a standalone miscellaneous proceeding: "This case is different. Watch Tower obtained the subpoena on a freestanding basis independent of a complaint or litigation. In effect, the subpoena is its own civil case, and the motion to quash is dispositive of the sole issue presented in the case -- whether the subpoena should be enforced or not. Once that question is answered, the dispute between the parties is fully decided."

Similarly, in *In re DMCA Subpoena to X Corp. dba Twitter*, No. 23-mc-80294-PHK, Dkt. 9, at 1 (N.D. Cal. Jan. 17, 2024), the court recognized that "Adjudication on the objections to the subpoena would constitute a final decision in this miscellaneous matter, as there would be no further case or controversy before this Court."

2. **Magistrate Judge Jurisdiction Over Dispositive Matters Requires Consent of All Parties**

Under 28 U.S.C. § 636(b)(1)(B), in the absence of consent by all parties, a magistrate judge may address dispositive issues only in the form of a report and recommendation to a district judge, not in a final order or judgment.

3

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY JURISDICTIONAL ASSIGNMENT
CASE NO.: 2:25−mc−00002 HDV (PDx)

### 3. **TTI's Own Assertions About "Unknown" Users Create a Jurisdictional Barrier**

TTI itself has asserted in its Motion for Protective Order that "the account owners are unknown and unable to assert objections." While Plaintiff does not concede this characterization—particularly given TTI's own published law enforcement guidelines stating that it routinely notifies users when their information is subject to legal process—TTI's representation to this Court creates an insurmountable jurisdictional barrier. If TTI's assertion were accepted as true, then these allegedly "unknown account owners" would be interested parties whose consent would be required for magistrate judge jurisdiction over this dispositive matter under 28 U.S.C. § 636(c). By TTI's own logic, such consent cannot be obtained from parties they claim cannot be reached. TTI cannot simultaneously argue that these users are "unknown" for purposes of justifying a protective order while ignoring the jurisdictional consequences that flow from such a claim.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court clarify that TTI's Motion for Protective Order and Plaintiff's opposition requesting an order compelling compliance with the DMCA subpoena should be heard by District Judge Vera. Alternatively, Plaintiff requests clarification that any ruling by Magistrate Judge Donahue will be in the form of a report and recommendation subject to *de novo* review by District Judge Vera.

4

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY JURISDICTIONAL ASSIGNMENT
CASE NO.: 2:25−mc−00002 HDV (PDx)

Dated: April 19, 2025

/s/ Nima Gharavi
Nima Gharavi
Plaintiff *Pro Se*

5

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY JURISDICTIONAL ASSIGNMENT
CASE NO.: 2:25−mc−00002 HDV (PDx)

## CERTIFICATE OF COMPLIANCE

The undersigned, appearing *pro se* as Plaintiff, certifies that this brief contains 618 words, which:

✓ complies with the word limit of L.R. 11-6.1.

__ complies with the word limit set by court order dated _____.

Dated: April 19, 2025

                                                             /s/ Nima Gharavi

                                                             Nima Gharavi

                                                             Plaintiff *Pro Se*

6

MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO CLARIFY JURISDICTIONAL ASSIGNMENT
CASE NO.: 2:25−mc−00002 HDV (PDx)