NICHOLAS J. BEGAKIS (SBN 253588)
nicholas.begakis@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1800 Century Park East, Suite 1500
Los Angeles, California 90067
Telephone: +1 310 203 4000
Facsimile: +1 310 229 1285

Attorneys for Third-Party Subpoena Respondent
TIKTOK INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMA GHARAVI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TIKTOK INC., TIKTOK LTD., TIKTOK PTE. LTD., and TIKTOK U.S. DATA SECURITY INC.,<br><br>　　　　Third-Party Subpoena Respondents. | Case No. 2:25-mc-00002-HDV-PD<br><br>**TIKTOK INC.'S RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO AMEND THE DMCA SUBPOENA**<br><br>Hon.: Judge Henan D. Vera<br>Discovery Cut-Off: N/A<br>Pretrial Conference: N/A<br>Trial Date: N/A |

1   Hours after the Court confirmed with the Parties that its ruling regarding a
2   protective order would completely resolve this subpoena, Plaintiff filed an ex parte
3   application requesting to modify the scope of information demanded for the 22
4   previously requested TikTok accounts, identifying 25 additional accounts (more than
5   doubling the subpoena's scope), and requesting production within two weeks. The
6   ex parte application is procedurally improper on multiple grounds, and the expanded
7   scope seeks irrelevant information, creates an undue burden, and does not provide
8   reasonable time for compliance.

9   TikTok, however, is willing to make a good-faith effort to work with Plaintiff,
10  preserve the Parties' and Court's resources, and bring this action to a close.
11  Accordingly, for the reasons set forth below, TikTok respectfully requests that the
12  Court enter an order requiring production of current basic subscriber information for
13  the 47 identified TikTok accounts within 30 days. TikTok will, however, produce
14  this information as soon as practicable.

15  **1.    The Ex Parte Application Is Improper.**

16  This Court's Civil Standing Order is clear, "[e]x parte applications are solely
17  for extraordinary relief and are rarely granted." Civ. Standing Order § XIII. Further,
18  "[e]x parte applications that fail to conform to Local Rule 7-19 will not be considered,
19  except on a specific showing of good cause." *Id.* Here, the ex parte application does
20  not conform to Civil Standing Order § XIII or Local Rule 7-19, and Plaintiff has
21  identified no good cause.

22  Contrary to the Court's Civil Standing Order, Plaintiff did not provide advance
23  notice of the ex parte application to TikTok by telephone or email. *Id.* Plaintiff also
24  did not provide TikTok with notice of the anticipated deadline to oppose the
25  application. *Id.* And Plaintiff did not serve the application by facsimile, email, or
26  personal service. *Id.*

27  Inconsistent with Local Rule 7-19.1, Plaintiff did not make any effort to orally
28  advise counsel for TikTok of the date and substance of the proposed ex parte

1  application. Plaintiff also did not advise the Court in writing and under oath of efforts
2  to contact TikTok's counsel and whether TikTok opposes the application.

3  Further, the ex parte application seeks additional discovery. But Local Rule 37-3 states "no discovery motions may be filed or heard on an ex parte basis absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party." Here, Plaintiff identifies no irreparable injury or prejudice, as none exist. For these reasons, the ex parte application is improper.

### 2.  The Proposed Subpoena Seeks Irrelevant Information and Creates an Undue Burden.

The Parties agreed, and it was undisputed in the protective order briefing, that TikTok would produce *current* basic subscriber information for the TikTok accounts originally identified in the subpoena. Plaintiff has represented on many occasions that this information is needed to identify and contact the alleged copyright infringers, and no arguments have been made that current basic subscriber information is insufficient for this purpose.

But the proposed subpoena seeks any subscriber information for three-years before the subpoena was issued. Plaintiff, therefore, is demanding that TikTok conduct additional analysis on the original 22 accounts, in addition to providing such information for 25 new accounts. If Plaintiff solely needs information to identify and contact these individuals, their current subscriber information is all he needs.

Federal Rule of Civil Procedure 45(d)(1) emphasizes a party issuing a subpoena "must take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena." Further, the "court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." *Id.* Demanding that TikTok conduct additional analysis for 47 accounts regarding out-of-date account information creates an unnecessary and undue

burden—especially when TikTok is willing to provide current information sufficient for Plaintiff to identify and contact account owners.

The two-week deadline also creates an undue burden and fails to provide reasonable time to comply. *See* Fed. R. Civ. P. 45(d)(1), (d)(3)(a). Indeed, Plaintiff requests data regarding a significant number of accounts, while demanding production in less than half the time provided for responses to requests for production under Rule 34.

Thus, in a good faith effort to resolve this matter, TikTok requests 30 days to provide current basic subscriber information for the 47 accounts. This information will allow Plaintiff to pursue his claims, without creating an unnecessary and undue burden on TikTok.

### 3.    CONCLUSION

For the foregoing reasons, TikTok Inc. respectfully requests that the Court enter an order requiring production of current basic subscriber information within 30 days for the 47 identified accounts, with the understanding that TikTok will produce such information as soon as practicable.

Dated:      May 23, 2025          FAEGRE DRINKER BIDDLE & REATH LLP

By: /s/ *Nicholas J. Begakis*
      Nicholas J. Begakis

Attorneys for Third-Party Subpoena Respondent TIKTOK INC.

**CERTIFICATE OF SERVICE**

The undersigned certifies the foregoing document was filed on the Court's CM/ECF system, which provided notice to all parties.

*/s/ Nicholas J. Begakis*
Nicholas J. Begakis
